**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Mona Amini, Esq. (296829)
amini@kazlg.com
Veronica Cruz, Esq. (318648)
veronica@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART, APC**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Ste 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Ste 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

*Attorneys for Plaintiff,*
Ophelia Augustine

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OPHELIA AUGUSTINE, **Individually And On Behalf Of All Others Similarly Situated,** Plaintiff, v. **CAPITAL ONE AUTO FINANCE, INC.,** Defendant. | Case No.: '18CV0511 CAB MDD **CLASS ACTION** **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.** **JURY TRIAL DEMANDED** |

**KAZEROUNI LAW GROUP, APC**
**245 FISCHER AVENUE, UNIT D1**
**COSTA MESA, CA 92626**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### INTRODUCTION

1. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA requires that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.

2. OPHELIA AUGUSTINE ("Plaintiff"), through Plaintiff's attorneys, brings this Class Action Complaint to challenge the actions of CAPITAL ONE BANK USA, N.A. ("Defendant") with regard to Defendant's unauthorized and unlawful credit inquiry.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1).

5. While the violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in San Diego County and the State of California.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

7.  Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8.  Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

9.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 because this action arises out of Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA").

10. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) because Defendant, at all times herein mentioned, was doing business in the County of San Diego, State of California, and within this judicial district.  Further, venue is proper in this district because Plaintiff resides and resided in this district at all times herein mentioned such that a substantial part of the events giving rise to the claim occurred in this district.

11. Because Defendant conducts business in the State of California, personal jurisdiction is established.

## PARTIES

12. Plaintiff is a natural person who resides in the County of San Diego, State of California, whose credit report was affected by at least one unauthorized inquiry by Defendant.

13. Plaintiff is a "consumer[s]" as that term is defined by 15 U.S.C. § 1681a(c).

14. Plaintiff is informed and believes, and thereon allege, that Defendant is, and at all times mentioned herein was, a corporation formed under the laws of the State of Texas with its principal place of business in the State of Texas.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

15. Plaintiff is informed and believes, and thereon allege, that Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).

### STATUTORY BACKGROUND

16. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the collected information about them.

17. Congress designed the FCRA to preserve consumers' right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

18. Under the FCRA, the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.

19. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

20. 15 U.S.C. § 1681b(f) in turn provides, in pertinent part, "[a] person shall not use or obtain a consumer report for any purpose unless – (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

21. The permissible purposes listed in section 1681b usually arise only in connection with transactions initiated by the consumer. *See* 15 U.S.C.      § 1681b(a)(3)(A)-(F).

## FACTUAL ALLEGATIONS

22. In or around August of 2013, Plaintiff purchased a 2012 Dodge Avenger, receiving financing for said purchase through Defendant ("the Debt").

23. On June 29, 2017, Plaintiff filed for Chapter Seven Bankruptcy in the United States Bankruptcy Court for the Southern District of California under case number 17-03839

24. Plaintiff's Debt to Defendant was included in Plaintiff's Bankruptcy Petition.

25. On July 1, 2017, the Bankruptcy Court sent Defendant notice of the bankruptcy filing electronically.

26. On October 3, 2017, Plaintiff received an Order of Discharge pursuant to 11 U.S.C. § 727.  The Debt was included in the Order of Discharge, meaning that the Debt had been eliminated and Plaintiff was no longer personally liable for the Debt and the account was closed.

27. On October 5, 2017, the Bankruptcy Court sent Plaintiff's Order of Discharge to Defendant electronically.

28. During Plaintiff's Bankruptcy, Defendant did not file any proceedings to declare the Debt "non dischargeable" pursuant to 11 U.S.C. §§ 523, et seq.

29. At no point during the pendency of the bankruptcy, did the parties enter into a reaffirmation agreement.

30. Accordingly, the Debt was completely discharged through bankruptcy and the account was closed.

31. However, upon review of Plaintiff's Experian credit report dated February 5, 2018, Plaintiff discovered that on or around October 25, 2017, several weeks after the Debt was discharged and the account was closed, Defendant

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

impermissibly obtained Plaintiff's consumer credit report by submitting an unauthorized "account review" credit report inquiry to Experian.

32. Plaintiff did not conduct any business nor incur any additional financial obligations to Defendant for which Defendant needed to inquire into Plaintiff's credit worthiness.

33. The account at issue was discharged and closed. There was no account to review so an "account review" inquiry was not a permissible purpose.

34. Therefore, Defendant's inquiry on March 25, 2017 was unauthorized and unlawful.

35. 15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports.

36. Defendant's inquiry for Plaintiff's consumer report information, without Plaintiff's consent and for no permissible purpose, falls outside the scope of 15 U.S.C. § 1681b.

37. Through this conduct, Defendant violated 15 U.S.C. § 1681b by using Plaintiff's consumer report for an impermissible purpose that falls outside the scope of 15 U.S.C. § 1681b.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

39. Plaintiff represents, and is a member of the Class, consisting of:

> All persons with an address within the United States whose consumer credit report was impermissibly obtained by Defendant based on an unauthorized inquiry within the past five (5) years from any of the three major credit reporting agencies (i.e., Transunion, Equifax, and Experian) where: (i) the debt of the account had been discharged in bankruptcy; (ii) the account was closed with a zero balance; or (iii) the account had been sold or transferred to a third party.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

40. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believe the Class members number in the hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

41. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability.

42. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in unlawful and deceptive practices, when it submitted an unauthorized consumer report inquiry and impermissibly obtained Plaintiff's consumer credit report under 15 U.S.C. §§ 1681, et seq. Plaintiff and the Class members were damaged thereby.

43. This suit seeks only recovery of actual and statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

44. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

45. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

a. Whether, within the five years prior to the filing of this Complaint, Defendant or its agents, impermissibly obtained consumers' credit reports based upon Defendant's unlawful inquiry;

b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations;

c. Whether Plaintiff and the Class members are entitled to statutory damages as a result of Defendant's conduct;

d. Whether Plaintiff and the Class members are entitled to injunctive relief; and

e. Whether Plaintiff and the Class members are entitled to an award of reasonable attorneys' fees and costs.

46.   As a person that suffered an unauthorized consumer credit report inquiry by Defendant on her credit report(s), Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

47.   Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

48.   Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act.

49.   A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in

individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

50. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATION OF THE FCRA
### 15 U.S.C. §§ 1681, ET SEQ.

51. Plaintiff incorporates by reference all of the above paragraphs of this Class Action Complaint as though fully stated herein.

52. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. §§ 1681, et seq.

53. As a result of Defendant's negligent violation of 15 U.S.C. §§ 1681, et seq., Plaintiff and the Class is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

### SECOND CAUSE OF ACTION
### WILLFUL VIOLATION OF THE FCRA
### 15 U.S.C. §§ 1681, ET SEQ.

54. Plaintiff incorporates by reference all of the above paragraphs of this Class Action Complaint as though fully stated herein.

55. The foregoing acts and omissions of Defendant constitute numerous and multiple willful violations of the FCRA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. §§ 1681, et seq.

56. As a result of each and every willful violation of the FCRA, Plaintiff and the Class is entitled to actual damages of not less than $100 and not more than $1,000, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court to grant Plaintiff and the Class the following relief against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter;
- Any such further relief as may be just and proper.

In addition, Plaintiff prays for further judgment as follows against Defendant for Plaintiff and the Class:

### NEGLIGENT VIOLATION OF
### THE FCRA, 15 U.S.C. §§ 1681, ET SEQ.

- As a result of Defendant's negligent violations of 15 U.S.C. §§ 1681, et seq., Plaintiff seeks for himself and each Class member actual damages, pursuant to 15 U.S.C. § 1681o(a)(1);
- Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681o(a)(2); and
- Any other relief the Court may deem just and proper.

### WILLFUL VIOLATION OF
### THE FCRA, 15 U.S.C. §§ 1681, ET SEQ.

- As a result of Defendant's willful violations, Plaintiff seeks for himself and each Class member actual damages of not less than $100 and not more than $1,000, pursuant to 15 U.S.C. § 1681n(a)(1)(A);
- Punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

- The costs of the action together with reasonable attorneys' fees as determined by the court, pursuant to 15 U.S.C. §§ 1681n(a)(3); and
- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

57.  Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 9, 2018                                 Respectfully submitted,

                                              KAZEROUNI LAW GROUP, APC


                                          By: s/ Abbas Kazerounian
                                              ABBAS KAZEROUNIAN, ESQ.
                                              AK@KAZLG.COM
                                              ATTORNEYS FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626